IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

EARLES M. CRADDOCK,
        Plaintiff,

v.

KEITH WHITE,
        Defendant.                        Civil Action No. 1:12CV74

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION/OPINION TO DISMISS CASE FOR LACK OF JURISDICTION

### ORDER

Pending is a Complaint and Motion to Proceed in Forma Pauperis filed *pro se* by Earles M. Craddock against Keith White, for damages of $750,000.00. The undersigned United States Magistrate Judge **Grants Plaintiff's Motion For Leave To Proceed In Forma Pauperis.** The clerk is directed to remove the motion for leave from the docket of motions actively pending before the Court.

### REPORT AND RECOMMENDATION/OPINION TO DISMISS CASE FOR LACK OF JURISDICTION

The undersigned United States Magistrate Judge recommends the District Court dismiss the Complaint *sua sponte* for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." Bowman v. White, 388 F.2d 756 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327 (1895). "Furthermore, the

complaint must state on its face the grounds for . . . jurisdiction," regardless of whether it is a case of diversity or federal question jurisdiction. Bowman, supra at 760.

In this case, Plaintiff has failed to meet his burden of demonstrating that subject matter jurisdiction exists. Plaintiff's complaint seeks damages for injuries allegedly sustained as a result of malpractice by the attorney he retained in a state case. Plaintiff's complaint fails to invoke this Court's diversity jurisdiction. Title 28 U.S.C. 1332 provides that federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." According to Plaintiff's own exhibit, [D.E. 1-6], both he and Defendant White are residents of West Virginia. There is therefore no diversity of citizenship among the parties.

Nor does Plaintiff's complaint raise a federal question within the meaning of 28 U.S.C. 1331 (limiting jurisdiction to those claims "arising under the Constitution, laws or treaties of the United States.") Plaintiff does not cite any basis of jurisdiction in his Civil Cover Sheet. He states the nature of his suit as a tort regarding "other fraud" concerning "personal property." He cites no federal statute as the cause of action, stating simply his cause of action as "malpractice."

Although Plaintiff purports to raise constitutional claims of denial of due process, his constitutional right to a fair trial with a jury, and effective assistance of counsel, he is essentially attempting to collaterally attack a state court order dismissing his case against the same defendant based on the same claims in the case at bar. In District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and Rooker v. Fidelity Trust Company, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the Supreme Court formulated a general rule which distinguishes general constitutional challenges to state laws and regulations over which federal

2

courts have jurisdiction from requests for review of specific state court decisions over which the have no jurisdiction. Federal claims which are inextricably intertwined with state court decisions in judicial proceedings fall outside of the federal court's jurisdiction. The Rooker-Feldman doctrine is "confined to cases of the kind from which the doctrine acquired its name; cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgment." Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454.

Plaintiff attaches to his Complaint a Dismissal Order in the Circuit Court of Ritchie County, West Virginia, granting the defendant in that case, also Keith White, dismissal with prejudice. That case also alleged malpractice against White. Circuit Court Judge Timothy Sweeney first found that Mr. White had properly withdrawn from the underlying case on or before January 26, 2009, and concluded that Plaintiff's State malpractice suit, filed on April 11, 2011, was time-barred under West Virginia law. Judge Sweeney next concluded that White had not erred in his representation of Plaintiff in the underlying case. He held that Plaintiff's complaint failed to state a cause of action upon which relief may be granted and dismissed the case against White with prejudice.

Further, Judge Sweeney advised Plaintiff in the dismissal order of his right to file a notice of appeal with the Supreme Court of Appeals of West Virginia within 30 days of entry of the dismissal order (October 31, 2011). Finally, Plaintiff filed a motion in the Circuit Court requesting a two-month extension to file an Appeal to the West Virginia Supreme Court of Appeals, which was granted on March 7, 2012. He therefore had until May 7, 2012, to file an appeal in State Court. Instead, he apparently filed the Complaint at issue in this Court.

3

In fact, Plaintiff states in the introductory paragraph of his Complaint:

Plaintiff files his Complaint with this Court instead of filing an appeal with the State Supreme Court of West Virginia, because Plaintiff feels that the State Courts are biased and discriminating.

Further consideration of Plaintiff's claims would require the Court to reconsider the prior state court decisions, including the Circuit Judge's order and judgment determining that Plaintiff's legal malpractice action against Defendant White was time-barred under West Virginia law, and that Defendant White did not commit legal malpractice. The Court therefore lacks subject matter jurisdiction of Plaintiff's claims under the Rooker-Feldman doctrine.

The undersigned United States Magistrate Judge concludes that Plaintiff's complaint should be dismissed *sua sponte* with prejudice for lack of subject matter jurisdiction.

## RECOMMENDATION

For all the above reasons, the undersigned United States Magistrate Judge respectfully **RECOMMENDS** Plaintiff's petition to proceed in forma pauperis be **GRANTED** but that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

Any party may, within fourteen (14) calendar days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

4

The Clerk of the Court is directed to send a copy of this Report and Recommendation to Plaintiff, *pro se*, by Certified Mail, Return Receipt Requested.

Respectfully submitted this 1st day of June , 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE