IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EARLES M. CRADDOCK,**

    **Plaintiff,**

**v.**     //     **CIVIL ACTION NO. 1:12CV74**
                                        **(Judge Keeley)**

**KEITH WHITE,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation concerning the complaint filed by Earles M. Craddock ("Craddock"). For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation insofar as it recommends dismissal of Craddock's complaint for lack of subject matter jurisdiction.

**I.**

On June 7, 2012, the pro se plaintiff, Earles M. Craddock ("Craddock") filed a complaint (dkt. no. 1) against his former attorney, Keith White ("White"), in which he alleges that White inadequately represented him in a prior state court proceeding, violating Craddock's constitutional rights to a trial by jury and effective assistance of counsel. (Dkt. No. 1 at 1). Craddock raised these issues in a suit against White in the Circuit Court of Ritchie County, West Virginia, Civil Action No. 11-C-6. In that

case, Craddock claimed that White had committed legal malpractice because "(a) [White] advised [Craddock] not to make payments on a land contract until it was notarized, and (b) [White] advised [Craddock to opt for a bench trial rather than a jury trial." Dkt. No. 1-5 at 1. Circuit Judge Timothy L. Sweeney dismissed Craddock's complaint as untimely, and for failure to state a claim for malpractice. Specifically, Judge Sweeney concluded that White had not erred in advising Craddock regarding the payments on the land contract or the bench trial.

In his order of dismissal, Judge Sweeney advised Craddock that should he wish to appeal the order of dismissal he must file a notice of appeal with the Clerk of the West Virginia Supreme Court of Appeals ("WVSCA") within thirty days. Following dismissal, Craddock requested and was granted a two-month extension to file his notice of appeal. (Dkt. No. 1-6). Rather than file a notice of appeal with the WVSCA, however, Craddock filed the instant complaint in this Court. (Dkt. No. 1 at 1).

The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation ("R&R") in accordance with LR PL P 2. On June 1, 2012, Judge Kaull issued a R&R in which he recommended that the Court dismiss Craddock's complaint for lack of subject matter jurisdiction. (Dkt. No. 5). Craddock timely filed objections to the

R&R on June 7, 2012, in which he disputed that his state case was untimely filed and reiterated his claims of constitutional violations. (Dkt. No. 7). On August 21, 2012, Craddock filed a motion to expedite this proceeding, in light of recent trespassing charges lodged against him in Magistrate Court, Ritchie County, West Virginia. (Dkt. No. 8-1).

## II.

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." Bowman v. White, 388 F.2d 750, 760 (4th Cir. 1968). A party who wishes to bring a law suit in a federal district court must show that the federal district court has jurisdiction over his case. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

Generally, federal district courts may exercise two sorts of subject matter jurisdiction: diversity jurisdiction and federal question jurisdiction. See 28 U.S.C. §§ 1331, 1332. A federal district court may exercise diversity jurisdiction when the plaintiff and defendant hale from different states, and the plaintiff alleges that more than $75,000 is at stake. § 1332. A federal court may exercise federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." § 1331.

Craddock has not shown that this Court may exercise either diversity or federal question jurisdiction over his complaint. First, Craddock left the "Basis of Jurisdiction" section blank on the civil cover sheet attached to his complaint, and the complaint itself does not address grounds for jurisdiction. Therefore, Craddock has not met his initial burden of establishing that this Court may exercise jurisdiction over his claims.

Second, Craddock's complaint alleges no facts to establish diversity jurisdiction. In fact, it appears from the exhibits accompanying Craddock's complaint that both he and White are domiciled in West Virginia. That means that, even though Craddock alleges that more than $75,000 is at stake, the litigants are not diverse and this Court cannot exercise diversity jurisdiction.

Third, Craddock's complaint does not present a federal question. Craddock's contention that he was denied effective assistance of counsel and a jury trial in the Ritchie County Circuit Court proceedings does not satisfy § 1331. The Sixth Amendment to the United States Constitution does not guarantee effective assistance of counsel in a civil case, but only in criminal prosecutions. See Strickland v. Washington, 466 U.S. 668 (1984). And, even assuming that Mr. Craddock intended to present the claim that he was denied a jury trial separately from his claim of ineffective assistance of counsel, he still does not pose a

federal question; the Seventh Amendment, which preserves the right of a jury trial in civil cases like Mr. Craddock's, is not binding on the states. <u>Mattison v. Dallas Carrier Corp.</u>, 947 F.2d 95, 99 (4th Cir. 1991).

Therefore, because Craddock has not met his burden of showing that this Court may exercise either diversity or federal question jurisdiction over his complaint, the Court **DISMISSES** Craddock's complaint <u>sua</u> <u>sponte</u>.

## IV.

For the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation in so far as it recommends dismissal of Craddock's complaint for lack of subject matter jurisdiction (dkt. no. 5);
2. **DENIES AS MOOT** Craddock's Motion to Expedite (dkt. no. 1); and
4. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE.**

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro</u> <u>se</u> plaintiff, certified mail, return receipt requested.

Dated: October 10, 2012.

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE